# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br>  v.<br>MIGUEL CASTILLO,<br><br>               Defendant. | CIVIL CASE NO. 08CV1044<br>CIVIL CASE NO. 08CV1289<br>CRIM CASE NO. 00CR1502<br><br>**ORDER** |

HAYES, Judge:

On May 21, 2008, Defendant Castillo filed a "Motion to Dismiss under the Non-Violent Offender Act of 2003 §2255" (00cr1502, Doc. # 51) in this district court.

On July 7, 2008, Defendant Castillo filed an identical "Motion to Dismiss under the Non-Violent Offender Act of 2003 §2255" (08cv1289, Doc. # 1) in the District Court for the Central District of California. This motion subsequently was transferred to this district court for consideration.

## FACTS

On August 14, 2000, the Defendant Castillo entered a plea of guilty to Count one of an Indictment charging him with Conspiracy to Smuggle Merchandise and to Sell Unapproved Drugs in violation of 18 U.S.C. §§ 3771 and 545 and 21 U.S.C. §§ 331(d) and 333(a)(2).

On November 3, 2000, Defendant Castillo was sentenced to imprisonment for a period

1  of 24 months followed by three years of supervised release and was ordered to pay a fine of
2  $4,000.00.

3  On December 28, 2000, Defendant Castillo surrendered to USP Lompoc to serve his
4  sentence.

5  On April 21, 2001, Defendant Castillo was placed on escape status by the Bureau of
6  Prisons after it was determined that he was not within the boundaries of the prison camp. On
7  April 24, 2001, a criminal complaint for escape and a warrant of arrest were issued for
8  Defendant Castillo in the Central District of California.

9  On July 18, 2007, Defendant Castillo was arrested in Fallbrook, California based upon
10 the escape arrest warrant. Defendant Castillo was arraigned in San Diego on the escape
11 charge.

12 On July 13, 2007, the criminal complaint for escape was dismissed. Defendant Castillo
13 remained in custody to serve the remainder of the 24 months sentence imposed in 00cr1502-K.

14 Defendant moves the court for an order of release on the grounds that he has served his
15 term of imprisonment. Defendant further contends that he is entitled to early release under 18
16 U.S.C. § 3624 pursuant to a good time policy.

## APPLICABLE LAW

18 28 U.S.C. §2255 provides that "A prisoner under sentence of a court established by Act
19 of Congress claiming the right to be released upon the ground that the sentence was imposed
20 in violation of the Constitution or laws of the United States, or that the court was without
21 jurisdiction to impose such sentence, or that the sentence was in excess of the maximum
22 authorized by law, or is otherwise subject to collateral attack, may move the court which
23 imposed the sentence to vacate, set aside or correct the sentence."

24 A petition under § 2255 can test only the propriety of the sentence imposed, not the
25 manner of execution. *United States v. Gidding*, 740 F.2d 770, 772 (9th Cir. 1984). "Review
26 of the execution of a sentence may be had through petition for a writ of habeas corpus under
27 28 U.S.C. § 2241." *Id*. This court has jurisdiction to treat the "Motion to Dismiss" under §
28 2255 as a writ of habeas corpus under 28 U.S.C. § 2241 because the Defendant is confined at

1  the "San Diego Metropolitan Correction Center." (Doc. # 51, Page 2).

2  **<u>Waiver of Right to Collaterally Attack the Sentence</u>**

3  The record in this case conclusively shows that the Defendant has waived his right to bring a § 2255 motion collaterally attacking the 24 months sentence imposed in 00CR1502-K. In the plea agreement, the Defendant Castillo waived "to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence ... unless the court imposes a custodial sentence greater than the high end of the guideline range ... recommended by the Government pursuant to this agreement at the time of sentencing." (Doc. #55-2, Exhibit 1, pages 12-13). This waiver is clear, express and unequivocal. Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 298 F.3d 1149, 1153 (9th Cir. 2005). The Guideline sentence contemplated in the plea agreement was 30 - 37 months and the Court imposed a sentence of 24 months. (Doc. # 36). Pursuant to the terms of the plea agreement, the Defendant Castillo waived his right to collaterally attack the 24 months sentence imposed in 00CR1502-K. Further, Defendant Castillo does not challenge the legality of the 24 months sentence imposed in 00CR1502-K. **<u>Claim to good time credits</u>**

Habeas jurisdiction is available under 18 U.S.C. § 2241 for a claim by a prisoner that he has been denied good time credits without due process of law *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989). However, courts require habeas petitioner to exhaust their administrative remedies before filing a habeas petition. *Huang v. Ashcroft*, 390 F.3d 1118, 1123 (9th Cir. 2004). The Bureau of Prisons has the authority in the first instance to calculate good time credit and has an established administrative remedy procedure for an inmate to seek formal review of any aspect of his imprisonment. 28 C.F.R. § 542.10-542.16 (1981).

Defendant Castillo has not alleged any attempt to seek review by the Bureau of Prisons or any adverse decision by the Bureau of Prisons relating to his claim that he is entitled to early release under 18 U.S.C. § 3624 pursuant to a good time policy and is not entitled to relief pursuant to 28 U.S.C. § 2241 at this time. Further, the Court notes that the claim by Defendant Castillo that he has not engaged in any violation of institutional disciplinary regulations plainly

ignores his escape from custody.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's "Motion to Dismiss under the Non-Violent Offender Act of 2003 §2255" (00cr1502, Doc. # 51) is denied; and Defendant's "Motion to Dismiss under the Non-Violent Offender Act of 2003 §2255" (08cv1289, Doc. # 1) is denied.

DATED: August 7, 2008

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge